UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X   Case No.
JEANETTE BROWN,

                        Plaintiff,                      **COMPLAINT**

                  - against -

PMK-BNC, INC. and THE INTERPUBLIC GROUP OF     **PLAINTIFF DEMANDS**
COMPANIES, INC.     **A TRIAL BY JURY**

                      Defendants.
------------------------------------------------------------------X

Plaintiff, JEANETTE BROWN, by her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the **Family and Medical Leave Act**, 29. U.S.C. 29 U.S.C. § 2601, *et seq.* ("FMLA") and the **New York City Human Rights Law**, New York City Administrative Code § 8-502(a), *et. seq.* ("NYCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being **discriminated** and **retaliated against**, by her employer solely due to her **pregnancy** and **gender (female)**, and ultimately terminated by her employer, solely due to her exercising her rights under the FMLA.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under city law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as Defendants reside within the Southern District of New York and the acts complained of occurred therein.

## PARTIES

5. That at all times relevant hereto, Plaintiff JEANETTE BROWN ("BROWN") is a resident of the State of New York and County of Kings.

6. That at all times relevant hereto, Defendant PMK-BNC, INC. ("PMK-BNC") was and is a foreign corporation duly existing pursuant to, and by virtue of, the laws of the State of California. Defendant PMK-BNC has a principal place of business located at 8687 Melrose Avenue, 18th Floor, Los Angeles, California 90069.

7. That at all times relevant hereto, Defendant THE INTERPUBLIC GROUP OF COMPANIES, INC. ("IPG") was and is a foreign corporation duly existing pursuant to, and by virtue of, the laws of the State of Delaware. Defendant IPG has a principal place of business located at 909 Third Avenue, 23rd Floor, New York, New York 10022.

8. Defendants, PMK-BNC and IPG, are joint employers. As such, there are commonalities of hiring, firing, discipline, pay, insurance, records, and supervision.

9. By way of an example, Plaintiff's paystubs list Defendants as Plaintiff's employers.

10. By way of a second example, Plaintiff's W2 lists her employer as "Interpublic Inc. Agent for PMG-BNC, LLC."

11. By way of a third example, Defendant IPG maintains Plaintiff's short-term disability benefits.

12. By way of a fourth example, Defendants are listed as Plaintiff's employers in their Confidential Separation Agreement and General Release.

13. By way of a fifth example, Defendant IPG publicly holds Defendant PMK-BNC out as its subsidiary.

14. That at all times relevant hereto, Plaintiff was an employee of the Defendants.

15. Defendants, IPG and PMK-BNC, are collectively referred to herein as "Defendants."

## MATERIAL FACTS

16. On or about February 16, 2016, Plaintiff BROWN commenced employment with the Defendants, holding the position of Vice President, Brands Communications. Plaintiff began earning approximately $145,000.00 per year.

17. Plaintiff worked Monday through Friday and frequently on weekends, approximately 12 or more hours a day, and had an expected 2017 annual income of $149,350.00.

18. Plaintiff performed well throughout her employment, and did not earn a single write up regarding her performance on the job.

19. Plaintiff's job duties required her to manage multiple accounts, including one of the larger accounts held by Defendant PMK-BNC. In addition, Plaintiff managed a team of eight (8) employees.

20. On or about November 2016, Plaintiff learned that she was pregnant.

21. In or around December 2016, Plaintiff received a merit raise to $149,350.00.

22. In or around March 2017, Plaintiff hired Johnny Ubri Cardona, as an Account Executive, for her team.

23. In or around February 2017, Plaintiff notified Heather Feit ("Ms. Feit"), Executive Vice President, Brand Communications at Defendant PMK-BNC, and Lena Rakszawski ("Ms. Rakszawski"), Human Resources Manager at Defendant PMK-BNC, that she was pregnant. Plaintiff also notified them that due to her age, her pregnancy was considered high-risk.

24. In or around May 2017, Plaintiff hired Colin Reynolds, as a Director, specifically to help with the work load, once Plaintiff was out on FMLA leave.

25. In or around May 2017, Plaintiff told Ms. Feit, and Scott Floyd, Chief Growth Officer at Defendant PMK-BNC, that she was interested in working on getting more business for Defendant PMK-BNC.

26. In or around June 2017, two employees were promoted from a Director position to a Vice President position.

27. In or about early June 2017, Plaintiff mapped out a plan for her team to execute, and e-mailed it to: (1) Ms. Feit; Rick Faigin ("Mr. Faigin"), Executive Vice President, Brand Marketing at Defendant PMK-BNC; (2) Chris Robichaud ("Mr. Robichaud"), CEO of Defendant PMK-BNC; and (3) Maryann Watson, Executive Vice President, Brand Marketing and Communications for Defendant PMK-BNC. This plan was for a re-pitch to one of the larger accounts (the "Account") that was scheduled for in or around July 2017, while Plaintiff was out on FMLA leave.

28. Mr. Faigin simply responded that it was her job to win the business and keep it. He continued that they would help her, but it was all on her.

29. In fact, prior to Plaintiff's medical leave, Plaintiff continuously flagged issues, with the Account, to bring it to Defendants' attention, including to Mr. Robichaud, Mr. Faigin, and Ms. Feit. However, the information fell on deaf ears.

30. On or around July 7, 2017, Plaintiff went on bed rest, due to her high-risk pregnancy.

31. On July 31, 2017, Plaintiff gave birth to her child.

32. From on or around July 7, 2017 to July 31, 2017, Plaintiff was required to use her Paid-Time Off.

33. On August 2, 2017, Plaintiff received notification from The Hartford, the managing company for Plaintiff's Short-Term Disability, that her disability benefits were approved

for the period from July 31, 2017 to September 10, 2017.

34. Upon information and belief, the State of New York was to pay for the first six weeks of her disability, from July 31, 2017 to September 10, 2017, and Defendants were to pay the remaining six weeks of her FMLA leave, until October 22, 2017.

35. Upon information and belief, on or around August 9, 2017, to no fault of Plaintiff, Defendant PMK-BNC lost the Account. The Account was to continue until on or around September 30, 2017 and then terminate.

36. On or about October 10, 2017, Plaintiff received an e-mail regarding scheduling a phone call to get up to date, prior to returning to work.

37. On or about October 13, 2017, Plaintiff had a phone call with Ms. Rakszawski and Ms. Feit. During this phone call, Ms. Rakszawski informed Plaintiff that due to the loss of business, with the Account, there was no longer any need for her Vice President position and that she was being let go, effective immediately. In addition, Ms. Rakszawski alleged that they attempted to find a new position for Plaintiff, but allegedly could not find one.

38. Upon information and belief, Plaintiff's job duties were reassigned to another employee.

39. Plaintiff was also managing two other accounts which will now need to be assigned to another employee.

40. Upon information and belief, as of the date of this Complaint, there are open positions at Defendants, that could have been and were not offered to Plaintiff.

41. **This reason for termination is merely pretextual. But for the fact that Plaintiff was pregnant and female, Defendants would not have treated her differently. Defendants also terminated Plaintiff's employment in part due to her request for and use of her FMLA leave.**

42. Plaintiff was entitled to the FMLA leave.

43. Defendants were covered employers under the FMLA.

44. The above are just some of the acts of discrimination and disparate treatment that Plaintiff experienced regularly since notifying Defendants that she was pregnant.

45. Plaintiff feels offended, disturbed, and humiliated by the blatantly unlawful and discriminatory termination.

46. Plaintiff has been unlawfully discriminated against, retaliated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

47. Plaintiff's performance was, upon information and belief, above average during the course of her employment with Defendants.

48. **<u>Defendants' actions and conduct were intentional and intended to harm Plaintiff</u>**.

49. As a result of Defendants' actions, Plaintiff feels extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

50. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further experienced severe emotional and physical distress.

51. As a result of the above, Plaintiff has been damaged in an amount in excess of the jurisdiction of the Court.

52. Defendants' conduct has been malicious, willful, outrageous, and conducted with full

knowledge of the law. As such, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION
## FOR INTERFERENCE AND RETALIATION UNDER
## THE FAMILY AND MEDICAL LEAVE ACT

53. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

54. Section 2612(D) of the Family Medical Leave Act, states in pertinent part: "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period … Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee."

55. Section 2615(a) of the Family Medical Leave Act, states in pertinent part:

> Interference with rights. (1) Exercise of rights. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter. (2) Discrimination. It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

56. Defendants discriminated against Plaintiff in retaliation for denying her rights under the FMLA and retaliating against her for taking FMLA.

57. As such, Plaintiff has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

58. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59. The New York City Administrative Code §8-107(1) provides that

> It shall be an unlawful discriminatory practice: (a) For an employer

7

      or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

60. Defendants engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her pregnancy and gender (female).

**AS A THIRD CAUSE OF ACTION FOR RETALIATION**
**UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

61. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

63. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

**JURY DEMAND**

64. Plaintiff requests a jury trial on all issues to be tried.

      **WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the **Family Medical Leave Act**, and the **New York City Human Rights Law**, New York City Administrative Code, §8-107 *et. seq.*, in that Defendants discriminated against Plaintiff on

the basis of her pregnancy and gender, and retaliating against her for requesting use of her FMLA leave;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and retaliation and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
November 27, 2017

                                                **PHILLIPS & ASSOCIATES,**
                                                **ATTORNEYS AT LAW, PLLC**

By: _/s/ Brittany A. Stevens_
Brittany A. Stevens, Esq.
Marjorie Mesidor, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
(212) 248-7431
BStevens@tpglaws.com
MMesidor@tpglaws.com